NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2012
Decided November 7, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 11-3047

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 CR 984 |
| JORGE I. GONZALEZ-MACEDONIO, *Defendant–Appellant.* | Samuel Der-Yeghiayan, *Judge*. |

**O R D E R**

Jorge Gonzalez-Macedonio, a Mexican citizen, was arrested in Cook County, Illinois, after eluding police in a car chase while armed with a shotgun. He was convicted in state court of aggravated use of a weapon, 720 ILCS 5/24-1.6, and sentenced to a year in prison. Gonzalez-Macedonio was not authorized to be in the United States and had been removed twice before; this time federal authorities charged him with unlawful presence after removal. *See* 8 U.S.C. § 1326(a). He pleaded guilty, and the district court calculated a guidelines imprisonment range of 57 to 71 months based on a total offense level of 21, *see* U.S.S.G. §§ 2L1.2(a), (b)(1)(A)(i), 3E1.1, and criminal-history category of IV. The court sentenced him to 64 months. Gonzalez-Macedonio filed a notice of appeal, but his newly appointed lawyer contends that the appeal is frivolous and moves to withdraw under

*Anders v. California*, 386 U.S. 738 (1967). Gonzalez-Macedonio has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel's brief is silent about whether he consulted Gonzalez-Macedonio to gauge the defendant's interest in challenging his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). After reviewing the transcript of the plea colloquy, however, we are convinced that any challenge to the adequacy of the colloquy or the voluntariness of Gonzalez-Macedonio's plea would be frivolous. *See Konczak*, 683 F.3d at 349. The district court advised Gonzalez-Macedonio of the rights he would relinquish by pleading guilty, ensured that his plea was voluntary, and determined that a factual basis for his plea existed. *See* FED. R. CRIM. P. 11(b).

Counsel does consider a potential challenge to the district court's rejection of Gonzalez-Macedonio's claim of fast-track disparity but rightly concludes that this argument would be frivolous. A district court need consider a fast-track argument only if the defendant is similarly situated to other defendants who would benefit in a fast-track district. *United States v. Ramirez*, 675 F.3d 634, 640–41 (7th Cir. 2011). Gonzalez-Macedonio did nothing to establish a disparity: He did not show that another district with a fast-track program would have accepted someone with his criminal history and circumstances; and neither did he promptly plead guilty, agree to a factual basis, or waive his rights to file pretrial motions and this appeal. *See id.*, 675 F.3d at 641–44. In any case, the district court *did* evaluate Gonzalez-Macedonio's claim of disparity but concluded that his criminal record, his apparent disrespect for the law, and the need to protect the public supported a within-guidelines sentence. *See* 18 U.S.C. § 3553(a).

Counsel's motion to withdraw is **GRANTED** and the appeal is **DISMISSED**.